**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-31104
Summary Calendar

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVARISTUS B. MACKEY, JR.,
also known as Reginald Fountain,
also known as Reese Mackey,

Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-316-ALL-F
--------------------------------------------------------
March 22, 2002

Before JOLLY, EMILIO M. GARZA, and STEWART, Circuit Judges:

PER CURIAM:[*]

      Evaristus B. Mackey, Jr., appeals his conviction and sentence for three counts of possession of a firearm by a felon. Finding no error, we AFFIRM.

      The district court did not err by denying Mackey's motion to dismiss Counts I and II on the grounds that those offenses should have been charged as state crimes. United States v. Wilson, 249 F.3d 366, 371 (5th Cir. 2001). We also find no error in the district court's refusal to sever Counts I and II for trial. Mackey was not prejudiced by the joinder of counts. United States v. Ballis, 28 F.3d 1399, 1408 (5th Cir. 1994).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With regard to Mackey's arguments concerning the suppression of evidence and a custodial confession, we affirm the district court's acceptance as credible of the arresting officers' testimony that Mackey consented to a search of the trunk of his car. United States v. Garza, 118 F.3d 278, 282-83 (1997). Mackey has abandoned the issue whether the firearm was discovered pursuant to a valid inventory search by failing to brief the argument. FED. R. APP. P. 28(a)(9)(A); United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991). Mackey's challenge to the admission of his custodial confession fails because his argument is based solely on his assertion that the search of the car was illegal.

We reject Mackey's argument that the Government failed to prove beyond a reasonable doubt that the weapon he possessed during the offenses charged in Counts I and II was an actual firearm, rather than a toy, and his further argument that, assuming the weapon was a firearm, the Government failed to prove a nexus to interstate commerce. The evidence was sufficient to convict Mackey as to both counts. United States v. Lankford, 196 F.3d 563, 576 (5th Cir. 1999); United States v. Galvan, 949 F.2d 777, 783-84 (5th Cir. 1991).

AFFIRMED.